# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Emiley Reed, | ) Civil Action No: 2:21-cv-00348-MBS-MGB |
| Plaintiff, | ) |
| vs. | ) **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION** |
| GrandSouth Bank, Robert Phillips, Craig McAdams and Alan Uram individually, | ) |
| Defendants. | ) |

Defendants GrandSouth Bank ("GrandSouth"), Robert Phillips ("Mr. Phillips"), Craig McAdams ("Mr. McAdams") and Alan Uram ("Mr. Uram") (collectively "Defendants"), hereby submit this response in Opposition to Plaintiff's Objections (the "Objection") to the Report and Recommendation of Magistrate Judge Mary Gordon Baker (the "Magistrate's Recommendation").

## PROCEDURAL BACKGROUND

On April 29, 2020, Plaintiff filed a lawsuit in South Carolina state court alleging claims for violation of the South Carolina Payment of Wages Act ("SCPWA"), promissory estoppel, and conversion. On January 20, 2021, without seeking leave of court as required by Rule 15, SCRCP, Plaintiff filed an Amended Complaint adding three additional claims against GrandSouth arising under Title VII of the Civil Rights Act of 1964 ("Title VII"). On February 18, 2021, after removing the case to federal court, Defendants filed a Motion for Partial Dismissal of Plaintiff's Amended Complaint on the grounds that Plaintiff's Title VII claims were untimely filed and her common law claims for conversion and promissory estoppel failed to state a claim. Plaintiff opposed Defendants' Motion and as to the Title VII claims, sought application of the doctrine of equitable tolling. On March 31, 2021, the Court issued an Order holding "the issue of equitable tolling is

more appropriately considered at summary judgment, after discovery has been conducted." (Text Order dated 3/31/21, ECF Doc. No. 8.) Accordingly, the Court bifurcated discovery and allowed the parties two weeks to engage in discovery on the limited issue of whether equitable tolling applies. (*Id.*) Per the Court's March 31st Order, on May 3, 2021, Defendants filed a Motion for Partial Summary Judgment again seeking dismissal of Plaintiff's Title VII claims on the grounds that they were untimely filed. Defendants also renewed their motion to dismiss the promissory estoppel and conversion claims for failure to state a claim. On May 4, 2021, Plaintiff filed a Motion for Partial Summary Judgment and Equitable Tolling requesting that the court apply the doctrine of equitable tolling to her Title VII claims.

On May 13, 2021, Magistrate Judge Mary Gordon Baker issued her Report and Recommendation recommending that Defendants' Motion for Partial Summary Judgment should be granted in part and denied in part and that Plaintiff's Motion for Summary Judgment should be granted in part and denied in part. Specifically, the Magistrate Judge recommended that Plaintiff's Title VII retaliation claim should proceed as timely filed, equitable relief should be denied as to the Title VII claims for hostile work environment and disparate treatment and those claims dismissed, and Plaintiff's state law claims for conversion and promissory estoppel should also be dismissed. On May 27, 2021, Plaintiff filed her Objection to the Recommendation and asked the Court to allow equitable tolling of her Title VII claims. Plaintiff did not object to the dismissal of her conversion and promissory estoppel claims. For the reasons set forth more fully below, the Court should adopt the Magistrate's Recommendation.

## **LEGAL STANDARD**

"The Federal Magistrates Act requires a district court to 'make a de novo determination *of those portions* of the [magistrate judge's] report or specified proposed findings or

recommendations to which objection is made.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* 28 U.S.C.A. § 636(b)(1)) (emphasis added). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (internal quotations omitted.) The Court is not required to review, under a *de novo* or any other standard, those portions of the report and recommendation to which no objections are made. *Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992).

"To preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Thus, the district court need not conduct a *de novo* review when a party makes "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## ARGUMENT

### A.    The Magistrate's Recommendation Should be Adopted by the District Court.

Magistrate Judge Baker correctly recommended dismissal of Plaintiff's Title VII claims for hostile work environment and disparate treatment and dismissal of Plaintiff's state laws claims for conversion and promissory estoppel. In reaching her conclusion, the Magistrate Judge found that though Plaintiff timely filed the Amended Complaint for her Title VII retaliation claim, Plaintiff's Title VII claims for hostile work environment and disparate treatment were filed seventeen (17) days past the 90-day limitation period. (ECF Doc. No. 13 at p. 7.) The Magistrate Judge declined to apply equitable tolling because Plaintiff failed to show that the claims were

untimely filed due to extraordinary circumstances beyond Plaintiff's control which impeded her ability to file her Title VII claims. (*Id.* at p. 9.) Specifically, the Court noted that Plaintiff's reliance on the COVID-19 pandemic to excuse the untimely filing is misguided. (*Id.*) Plaintiff's counsel recovered from the virus three months before the EEOC issued the right-to-sue ("RTS") letters and approximately six months before the filing deadline for these Title VII claims. (*Id.*) In addition, even if Plaintiff was not regularly present in her office and missed the initial arrival of the RTS letters, the Magistrate Judge noted that Rule 6(d), FRCP, provides an easy method of calculating the filing deadline. (*Id.*) Finally, the Magistrate Judge found that the paralegal's mistake in calendaring the filing deadline is not a basis for equitably tolling the deadline as established by clear Fourth Circuit precedent. (*Id.* at p. 10.) Plaintiff's counsel terminated her paralegal two months before the filing deadline in this case due to her tendency to make significant mistakes. (*Id.*) Despite notice of her paralegal's pattern of errors, "counsel apparently did not review the deadlines calculated by the paralegal for potential error." (*Id.*) Accordingly, the Magistrate Judge correctly concluded that pursuant to Fourth Circuit precedent, equitable tolling does not apply and the Magistrate's Recommendation should be adopted by the district court.

**B.   Plaintiff's Objection Fails to Include Specific and Particularized Objections to the Magistrate's Recommendation.**

In her Objection, Plaintiff fails to points to any alleged facts or legal authority that would support or dictate a result contrary to the result reached by the Magistrate Judge. Rather, Plaintiff merely restates the arguments made in her previously filed briefs and vaguely asserts that the Court should reject the Magistrate's Recommendation because Plaintiff set forth specific facts explaining how the pandemic prevented her from timely filing, and thus, equitable tolling is warranted. (ECF Doc. No. 14 at p. 7.) Plaintiff's generalized assertions regarding her *belief* that the case law relied

upon by the Magistrate Judge is distinguishable from the facts in this case lack sufficient specificity to establish error in the Magistrate's Recommendation.

### 1. *Plaintiff fails to address how the two equitable tolling cases included in the Magistrate's Recommendation were improperly referenced or relied upon.*

Plaintiff's first objection to the Magistrate's Recommendation centers around the Magistrate Judge's reference to two equitable tolling cases: *Kumar v. First Abu Dhabi Bank USA N.V.*, No. CV-ELH-20-1497, 2020 WL 6703002, at *6 (D. Md. Nov. 13, 2020) and *Cummins v. Ascellon Corp.*, No. CV DKC 19-2953, 2020 WL 6544822, at *9 (D. Md. Nov. 6, 2020). In the Recommendation, the Magistrate Judge referenced these two cases, by way of example, when she found that "This is not a situation where the COVID-19 pandemic caused extraordinary circumstances beyond Plaintiff's control, which impeded her ability to file her Title VII claims on time." (ECF Doc. No. 13 at p. 9.) In her Objection, Plaintiff "respectfully disagrees" with the Court's position, but fails to point to any specific facts that demonstrate the Magistrate Judge's conclusion was unfounded or that her reference to *Kumar* and *Cummins* was misplaced.

Plaintiff's sole objection to the Magistrate Judge's use of the *Kumar* case is that she "believes the facts of her case are similar to those presented in *Kumar* in that she was impacted by circumstances beyond her control and…thus her request for nineteen (19) days of equitable tolling should be granted." (ECF Doc. No. 14 at p. 8.) However, in *Kumar*, the plaintiff's deadline was impacted by outside factors beyond his control – limited court staff and restricted access to the courthouse during the COVID-19 pandemic. Here, Plaintiff's untimely filing was not caused by an outside factor (such as access to the courthouse), but rather the negligence of Plaintiff's paralegal – a factor within the control of Plaintiff and her counsel. As Plaintiff concedes in her Objection, a vague, general invocation of the pandemic is insufficient to trigger equitable tolling. (ECF Doc. No. 14 at p. 7.) There must be a "corresponding showing that the pandemic prevented

the plaintiff from timely filing suit." *Willard v. Indus. Air, Inc.*, No. 1:20-CV-00823, 2021 WL 309116, at *4 (M.D.N.C. Jan. 29, 2021). As found by the Magistrate Judge, Plaintiff failed to make that showing, and Plaintiff's Objection is devoid of any specific facts demonstrating how the Magistrate Judge improperly distinguished the *Kumar* case from Plaintiff's case.

Similarly, in objecting to the Magistrate Judge's reliance on *Cummins*, Plaintiff again fails to reference any specific facts detailing how her paralegal's negligence gives rise to a factual pattern similar to *Cummins* such that equitable tolling should apply. Plaintiff merely notes that "the court places no temporal limit on what COVID related disruption qualifies as an extraordinary circumstance." (ECF Doc. No. 14 at pp. 8-9.)

Due to Plaintiff's failure to make a specific and particularized objection to the Magistrate Judge's reliance on *Kumar* and *Cummins* as required by Rule 72(b) of the Federal Rules, the district court need not conduct a *de novo* review, and should adopt the Magistrate's Recommendation.

### 2. *Plaintiff's objection to the Magistrate Judge's reliance on the Gayle case also lacks sufficient specificity.*

Plaintiff's last objection to the Magistrate's Recommendation centers around the Court's reliance on the Fourth Circuit case, *Gayle v. United Parcel Service, Inc.*, 401 F.3d 222 (4th Cir. 2005). In *Gayle,* the Fourth Circuit refused to apply equitable tolling when the missed deadline was the result of attorney negligence. *Id*. at 227. The Fourth Circuit reasoned:

> Many attorney mistakes are innocent in that they involve oversights or miscalculations attributable in some part to the sheer press of business. To accept such mistakes as a ground for equitable tolling, however, would over time consign filing deadlines and limitations periods to advisory status. The ensuing confusion would contradict our prior observation that equitable tolling requires an "extraordinary circumstance beyond [the plaintiff's] control that prevented him from complying with the statutory time limit." Harris [v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)].

*Id.* Plaintiff contends the Magistrate Judge's reliance on this case is misplaced because in *Gayle* and other similar cases, the attorney's negligence was not caused by COVID. (ECF Doc. No. 14 at 9.) Plaintiff's assertion presupposes, however, that her paralegal's mistake was caused by COVID, which it admittedly was not. As noted by the Magistrate Judge in her Recommendation, counsel terminated her paralegal in November 2020 when she realized the paralegal had been making mistakes that "jeopardized [counsel's] practice." (ECF Doc. No. 13 at p. 10.) Though Plaintiff attempts to characterize her paralegal as newly hired, she was actually hired in January 2020, ten months before Plaintiff received the RTS letter and terminated approximately two months before the deadline to file the Title VII claims. An incapable paralegal is not a pandemic-related cause, and Plaintiff's assertion that the paralegal's error would not have occurred but for the pandemic is pure speculation.

Contrary to Plaintiff's generalized and conclusory assertions, the Magistrate Judge's reliance on the *Gayle* case was appropriate. It is binding precedent and specifically provides there must be "extraordinary circumstances beyond [the plaintiff's] control" in order for equitable tolling to apply. *Gayle*, 401 F.3d at 227. As Plaintiff aptly points out in her Objection, she knew as early as April 2020 that she would amend her complaint to add the Title VII claims after the EEOC issued the RTS letters. (ECF Doc. No. 14 at p. 11.) Despite the foregoing, Plaintiff waited over three months to file her Title VII claims and failed to file the requisite motion to amend prior to the filing of her Amended Complaint. Even if Plaintiff's counsel could not determine when her office received the first RTS letter due to remote working conditions, the RTS letter is dated, and thus, the deadline for filing suit could have been easily calculated by reviewing the date on the RTS letter. As Plaintiff admits, the deadline to file the hostile work environment and disparate treatment claims was missed due to a miscalculation of the deadline. (ECF Doc. No. 6 at p. 3,

ECF Doc. No. 9-6 ⁋ 9  ECF Doc. No. 9-7 ⁋ 3, ECF Doc. No. 12 at p. 4, ECF Doc. No. 14 at p. 4.) Accordingly, the *Gayle* case is binding and any reliance on the overall hardship of the pandemic is misplaced. "[T]he Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that '[p]rocedural requirements ... for gaining access to the ... courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" *Ginyard v. The Univ. of S.C.*, No. C.A. 3:04-0638-MBS, 2006 WL 2521449, at *4 (D.S.C. Aug. 29, 2006) (quoting *Polsby v. Chase*, 970 F.2d 1360, 1363 (4th Cir.1992), *vacated on other grounds,* 113 S.Ct. 1940 (1993)).  Accordingly, Plaintiff's argument that she will suffer prejudice if her claims are dismissed is not a factor considered by the courts in applying the equitable tolling doctrine. Plaintiff has failed to show there was a circumstance outside of her control that caused the late filing, and she has failed to cite to any legal authority to support her claim that equitable tolling is appropriate under the facts and circumstances of this case.  The Magistrate Judge properly recommended dismissal of the hostile work environment and disparate treatment claims as untimely filed, and the district court should adopt the Recommendation.

> 3. ***Plaintiff did not object to the Magistrate's Recommendation to dismiss Plaintiff's promissory estoppel and conversion claims, and thus, she has waived her right to object.***

The Magistrate Judge recommended dismissal of Plaintiff's promissory estoppel and conversion claims on the grounds that Plaintiff failed to state a claim. (ECF Doc. No. 13 at pp. 11-13.) Plaintiff's Objection does not contain any objection to the Magistrate Judge's dismissal of these two common law claims. Thus, Plaintiff has waived her right to oppose dismissal of those claims, and Defendants respectfully request that the Court adopt the Magistrate's Recommendation. *See Midgette*, 478 F.3d at 622.

As set forth above, Plaintiff has failed to set forth with specificity and particularity any error in the Magistrate's Recommendation. She cannot point to any facts or legal authority to support her assertion that negligence in calculating a deadline during the COVID-19 pandemic rises to the level of an "extraordinary circumstance beyond the plaintiff's control." Accordingly, the Magistrate's Recommendation should be adopted in its entirety for the reasons set forth in the Magistrate's Report and Recommendation and for all the reasons previously detailed by Defendants in their Memorandum in Support of Motion for Partial Dismissal of Plaintiff's Amended Complaint (ECF Doc. No. 4-1), Reply in Support of Motion for Partial Dismissal of Plaintiff's Amended Complaint (ECF Doc. No. 7), and Memorandum in Support of Motion for Partial Summary Judgment (ECF Doc. No. 9-1), all of which are specifically incorporated herein by reference.

## CONCLUSION

For the reasons set forth above and in the Magistrate's Recommendation, Defendants respectfully request that this Court adopt the Magistrate Judge's Recommendation granting in part and denying in part Defendants' Motion for Partial Summary Judgment and dismiss Plaintiff's Title VII claims for hostile work environment and disparate treatment and Plaintiff's state law claims for conversion and promissory estoppel.

Respectfully submitted,

s/Amanda C. Williams
Amanda C. Williams (Fed. ID: 10218)
Email: amandawilliams@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Charleston, South Carolina 29401
Phone: 843-727-2650
Fax: 843-727-2680

Stacy K. Wood (Fed ID: 09085)
Email: stacywood@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
Phone: 704-372-9000
Fax: 704-334-4706

ATTORNEYS FOR DEFENDANTS

June 10, 2021
Charleston, South Carolina