IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Emiley Reed, | ) | C/A No. 2:21-cv-00348-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| GrandSouth Bank, Robert Phillips, | ) | |
| Craig McAdams, and Alan Uram, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Emiley Reed sued Defendants GrandSouth Bank, Robert Phillips, Craig McAdams, and Alan Uram (collectively, "Defendants") in state court for violation of South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* and for claims of conversion and promissory estoppel. Plaintiff subsequently amended the complaint to add claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, which prompted Defendants to remove the action to this court under 18 U.S.C. § 1331. The case was referred to United States Magistrate Judge Mary Gordon Baker for pretrial management in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C..

Defendants moved to dismiss the claims for conversion and promissory estoppel as insufficiently pled and the Title VII claims as untimely and not subject to equitable tolling, ECF No. 4, and simultaneously filed an answer, ECF No. 5. In finding that the timeliness of the Title VII claims implicates a threshold issue of jurisdiction, and that the defense of equitable tolling is more appropriately considered after the development of a factual record, the Magistrate Judge denied the motion to dismiss as moot and permitted the parties a period of two weeks to engage

in limited discovery. ECF No. 8. Following discovery, the parties filed cross motions for partial summary judgment, ECF Nos. 9, 12, which were referred to the Magistrate Judge for preparation of a Report and Recommendation ("Report"), which is now before the court for review.

## BACKGROUND

Defendants hired Plaintiff in July 2019 for the position of Relationship Banker. ECF No. 1-1 at 47. In that role, Plaintiff's "primary duties were to drive sales by creating new deposits and loan opportunities through referrals and outbound calls." *Id.* Defendants agreed to pay Plaintiff "an annual base salary of $55,000 with opportunity for merit increases based upon her performance." *Id.* Defendants also promised Plaintiff that she would receive "10 days of vacation," and that she would accrue "one personal day per month that could be accumulated for up to 20 days." *Id.* Plaintiff quickly "generated business for GrandSouth by making cold calls and developing customer relationships." *Id.* However, she "was not paid the merit pay she was promised." *Id.* at 48. Plaintiff "complained to the Defendants that she was not receiving credit for her sales." *Id.* at 49. She "proposed goal/incentive plan [sic] that she provided to Defendant McAdams whereby she would receive merit pay as promised in her offer letter." *Id.* at 50. Defendants agreed she "would receive incentive pay for the referrals that generated business for GrandSouth," and Plaintiff "relied upon the Defendants' agreement by working very hard generating new business for the bank." *Id.* at 50. Plaintiff claims that Defendants nonetheless failed to pay her incentives or merit pay and when they terminated her employment on March 10, 2020, they failed to compensate her for vacation and personal days and failed to compensate her for her final two days of employment. *Id.*

Plaintiff also alleges Defendants subjected her to sex-based discrimination and a hostile work environment and ultimately retaliated against her in violation of Title VII. She alleges that

Defendants "exhibited a pattern of hostile and sexist behavior towards her" and "told her that her success was because she was 'flirty' and 'cute'." ECF No. 1-1 at 48.  Plaintiff alleges her direct supervisor, Defendant Craig McAdams, the Vice President and Relationship Manager at GrandSouth, made offensive comments towards her, and that the Vice President Credit Manager, Jonathan Brewer, "actively pursue[d] [her] for a romantic relationship." *Id.* at 48, 49, 51.  Plaintiff eventually agreed to have a romantic relationship with Mr. Brewer, which caused Defendant Robert Phillips, the Executive Vice President of GrandSouth, to "be[come] very angry" with Plaintiff.  *Id.* at 52.  Defendant Phillips informed Defendant Alan Uram, the Vice-President of Marketing at GrandSouth, that Plaintiff "was having an intimate relationship with Mr. Brewer."  *Id.*  Plaintiff alleges her work environment "became strained and contentious" and alleges that she was blamed for the relationship with Mr. Brewer.  *Id.* at 55.  Defendants required her to sign a prepared statement and to vacate her office for a desk in the lobby of the bank, while "Mr. Brewer was not required to sign any documents to keep his job nor was he required to move out of his office."  *Id.* at 53-54.  Plaintiff and Mr. Brewer were terminated on March 10, 2020.  Plaintiff was fired in front of her co-workers and her health insurance was terminated at the end of the month. Mr. Brewer, however, was fired privately outside of the office and was given two additional months of health insurance. While Defendants helped Mr. Brewer secure alternative employment in the banking industry they spoke poorly about Plaintiff to her subsequent employer.  Plaintiff alleges this "resulted in her [then-]employer terminating her when they learned of this lawsuit."  *Id.* at 55.

     On April 29, 2020, Plaintiff filed her state court complaint, in which she stated in a footnote her intention to assert Title VII claims after she had completed the administrative process.  Plaintiff thereafter, on May 7, 2020, filed a charge of discrimination with the Equal

3

Employment Opportunity Commission ("EEOC"). Defendants filed an answer along with four counterclaims, suing Plaintiff for breach of duty of loyalty, conversion/misappropriation of confidential information, violation of South Carolina Trade Secrets Act, and for injunctive relief.[1] ECF No. 1-1 at 13-34. Plaintiff then filed a second charge with the EEOC, alleging Defendants' counterclaims constituted unlawful retaliation under Title VII. Plaintiff filed an answer to the counterclaims on June 2, 2020. The EEOC issued its Dismissal and Notice of Rights ("Right to Sue Letter") as to the charge for disparate treatment and hostile work environment ("First Charge") on September 30, 2020 and issued its Right to Sue Letter as to the charge for retaliation ("Second Charge") on October 21, 2020. On January 20, 2021, Plaintiff amended her complaint to add the Title VII claims.

On May 3, 2021, Defendants filed their motion for partial summary judgment on the issue of equitable tolling and timeliness of Plaintiff's Title VII claims. ECF Nos. 9, 9-1. Defendants request dismissal of Plaintiff's claims for promissory estoppel and conversion, to the extent the court retains jurisdiction over any portion of Plaintiff's Title VII claims. *Id.* Plaintiff filed the cross motion for partial summary judgment the following day. ECF No. 12.

On May 13, 2021, the Magistrate Judge issued a Report recommending that the court grant in part Plaintiff's motion for partial summary judgment and allow the Retaliation claim to proceed as timely filed and grant in part Defendant's motion for partial summary judgment and dismiss the claims for hostile work environment and disparate treatment as well as the claims for conversion and promissory estoppel. ECF No. 13.[2]

---

[1] Defendants do not raise any counterclaims in the operative answer. *See* ECF No. 5.
[2] The Report sets forth the relevant legal standards, which the court incorporates here without recitation.

The Magistrate Judge began her analysis by determining whether the Title VII claims are untimely. Because it is unknown the dates on which Plaintiff's counsel received the Right to Sue letters, the Magistrate Judge presumed that counsel received the letters three days after they were mailed. ECF No. 13 at 7 (citing *Dunbar v. Food Lion*, 542 F. Supp. 2d 448, 450-51 (D.S.C. 2008)). Under that presumption, Plaintiff received the Right to Sue letter as to the First Charge on October 5, 2020 and received the Right to Sue letter as to the Second Charge on October 24, 2020. *Id.* Plaintiff filed her amended complaint on January 20, 2021, and therefore timely raised her claim for retaliation—the subject of the Second Charge—but failed to timely raise her claim for disparate treatment and hostile work environment—the subject of the First Charge. Upon this finding, the Magistrate Judge determined she need consider the issue of equitable tolling as to the disparate treatment and hostile work environment claims only.

Plaintiff seeks equitable relief on the basis that "circumstances caused by the pandemic" led to "extraordinary circumstances beyond her control." ECF No. 12 at 5. As recounted by the Magistrate Judge, Plaintiff's counsel declared in declarations obtained during discovery that she contracted COVID-19 in June 2020 and thereafter worked primarily from home, which arrangement prevented her from properly supervising her paralegal, who erred in calendaring the deadline for amending the complaint to raise the Title VII claims. ECF No. 13 at 8-9. The Magistrate Judge observed:

> Plaintiff's reliance on the COVID-19 pandemic to excuse the untimely filing is misguided. While the Court is sympathetic that counsel contracted the virus, she recovered approximately three months before the EEOC issued the [Right to Sue] letters and approximately six months before the filing deadline of these Title VII claims. Further, while counsel may have reasonably chosen to avoid her office in light of the pandemic and so missed the arrival of the [Right to Sue] letters, Rule 6(d) of the Federal Rules of Civil Procedure provides an easy method for calculating the filing deadline in such circumstances. This is not a situation where the COVID-19 pandemic caused extraordinary circumstances beyond Plaintiff's control, which impeded her ability to file her Title VII claims on time.

ECF No. 13 at 9.  The Magistrate Judge further opined:

> there is no basis to find that the paralegal's mistake in calculating the filing deadline warrants equitable tolling. In her affidavit, counsel explains that she terminated the paralegal in November 2020 when counsel realized the paralegal had been making mistakes that "jeopardized [counsel's] practice." Accordingly, counsel had notice of her paralegal's tendency to make significant mistakes approximately two months before the filing deadline in this case. Despite this notice, counsel apparently did not review the deadlines calculated by the paralegal for potential error. The undersigned cannot find that counsel diligently attempted to preserve Plaintiff's claims on such facts.

*Id.* at 10 (quoting *Gayle v. United Parcel Service, Inc.*, 401 F.3d 222, 227 (4th Cir. 2005) (explaining the rationale for discounting attorney negligence as an extraordinary circumstance that would justify equitable tolling).  Accordingly, the Magistrate Judge recommends the court dismiss as untimely Plaintiff's Title VII claims for disparate treatment and hostile work environment.

Finally, the Magistrate Judge addressed the two state law claims Defendants had moved to dismiss.  Plaintiff asserts Defendants committed conversion "by wrongfully withholding Plaintiff's money from her possession" and "by not surrendering the money upon her request for wages/commissions owed to her."  ECF No. 1-1 at 58.  Plaintiff claims promissory estoppel on the basis that "Defendants promised to pay Plaintiff incentive pay for her referrals that generated business for the bank," and "Plaintiff reasonably relied on the Defendants' promise by spending time generating referrals so that she could receive incentive pay."  ECF No. 1-1 at 59.  The Magistrate Judge found that the conversion claim is insufficiently pled because Plaintiff does not allege affirmative misconduct on the part of Defendants and that the promissory estoppel claim is insufficiently pled because the incentive pay at issue was "merely an aspect of her at-will employment relationship with GrandSouth."  ECF No. 13 at 13-16.  Accordingly, the Report recommends dismissing these claims.

6

Plaintiff filed an objection to the Report on May 27, 2021, ECF No. 14, to which Defendants filed a response on June 10, 2021, ECF No. 15.

**DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff objects to the Report only as it pertains to the issue of equitable tolling. Defendants submit that the objection is not specific or particularized in that Plaintiff "fails to points [sic] to any alleged facts or legal authority that would support or dictate a result contrary to the result reached by the Magistrate Judge." ECF No. 15 at 4. Rather, Defendants assert, "Plaintiff merely restates the arguments made in her previously filed briefs and vaguely asserts that the Court should reject the Magistrate's Recommendation because Plaintiff set forth specific facts explaining how the pandemic prevented her from timely filing . . . ." *Id.* The court agrees with Defendants that Plaintiff essentially renews her request that the court equitably toll the deadline for raising the disparate treatment and hostile work environment claims. But the court would overrule the objection even upon applying a de novo review. Plaintiff disagrees with the Magistrate Judge's

7

application of the governing law to the facts of her case, but she does not identify any error in the Magistrate Judge's recitation of law or in the Magistrate Judge's analysis. Rather, Plaintiff relies on the same factual account of events as was set forth in her motion and emphasizes that her counsel filed the disparate treatment and hostile work environment claims only nineteen days out of time. As the Magistrate Judge expressed, the court is sympathetic to Plaintiff's predicament, but controlling precedent precludes a finding here that calendaring errors committed by her counsel's staff constitute extraordinary circumstances. *See Gayle*, 401 F.3d at 226-27. The cases Plaintiff cites, which address equitable tolling in the specific context of the COVID-19 pandemic, do not compel a different result. *See* ECF No. 14 at 7. Accordingly, the court overrules the objection and adopts the recommendation that equitable tolling is not appropriate in this case.

Plaintiff did not file an objection to the Magistrate Judge's recommendation that the court dismiss the claims for conversion and promissory estoppel. The court has nonetheless reviewed the Report's findings as to those claims and finds no error. The conversion claim is based on Defendants' alleged failure to pay Plaintiff her wages, which, absent allegations of affirmative misconduct, is indistinguishable from the mere failure to pay a debt and therefore not actionable as a tort under South Carolina law. *See, e.g., Owens v. Andrews Bank & Trust Co.*, 220 S.E.2d 116, 119-20 (S.C. 1975). The incentive pay at issue in the promissory estoppel claim was a component of Plaintiff's at-will employment agreement and, under South Carolina law, promissory estoppel is not available where a contract governs the dispute. *See Duke Power Co. v. South Carolina Public Service Commission*, 326 S.E.2d 395, 406 (S.C. 1985) ("The principle of promissory estoppel is viewed as a substitute for, or an equivalent of, consideration. The basis of the doctrine is not so much one of contract, with a substitute for consideration, but an application

of the general principles of estoppel under appropriate circumstances"). The court adopts the recommendation that those claims be dismissed.

## CONCLUSION

The court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The court adopts the Magistrate Judge's recommendation and incorporates the Report herein. ECF No. 13. Defendants' Motion for Partial Summary Judgment, ECF No. 9, is granted in part and denied in part and Plaintiff's Motion for Partial Summary Judgment, ECF No. 12, is granted in part and denied in part. The Title VII claims for disparate treatment and hostile work environment are dismissed as untimely and the claims for conversion and promissory estoppel are dismissed without prejudice. The matter is recommitted to the Magistrate Judge for pretrial management of the remaining claims.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

October 21, 2021
Charleston, South Carolina